IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ANIBAL ZUASNABAR RAVELO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-841 (AJT-LRV) |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is Anibal Zuasnabar Ravelo's ("Petitioner") Petition for Writ of Habeas

Corpus ("Petition"), filed on March 27, 2026.

Petitioner is a native and citizen of Peru, who entered the United States without inspection

by crossing the U.S.-Mexico border in or around December 2007. [Doc. No. 1] ¶ 38. Petitioner

resides in Virginia with his eleven year-old U.S. citizen daughter, his stepdaughter, and his wife.

*Id.* ¶ 39. On October 9, 2025, an Immigration Judge granted the Petitioner's motion to terminate

removal proceedings due to the *bona fide* determination on his application for U nonimmigrant

status that gave him deferred action. *Id.* ¶ 42. On or around March 15, 2026, Petitioner was taken

into custody by ICE, and eventually taken to the Farmville Detention Center, where he remains

detained without being provided the opportunity to post bond. *Id.* ¶¶ 45, 48.

On March 30, 2026, in response to a Court order, Respondents submitted that the factual

and legal issues presented in the Petition do not differ in any material fashion from those presented

in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16,

2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the

Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section

1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
March 31, 2026

Anthony J. Trenga
Senior United States District Judge

2